dentiary hearing, and the court's determination that continued visitation was not in the children's best interests has a sound and substantial basis in the record (*see generally Matter of Heidi E. [Tresea F.—Phyllis G.]*, 68 AD3d 1174 [2009]). Moreover, petitioners were each expressly warned prior to signing the judicial surrenders with respect to those children that any postadoption contact agreement was subject to modification based upon the best interests of the children.

We reject the further contention of petitioner Kristian J.P. (hereafter, biological father) that the court erred in granting respondents' cross petition seeking an order requiring the biological father to stay away from and refrain from any contact with respondents and the subject children. Although the petitions were filed pursuant to Domestic Relations Law § 112-b, the nature of the instant proceeding is the determination of visitation rights. We therefore conclude that the court has the authority to issue an order of protection "set[ting] forth reasonable conditions of behavior to be observed for a specific time by any petitioner" pursuant to Family Court Act § 656. Inasmuch as the court's order did not "plainly state the date that [the stay-away provision] expires" (Family Ct Act § 154-c [1]), we modify the order by directing that the stay away provision is in effect until the 18th birthday of the youngest subject child (*see generally Matter of Thomas v Osborne*, 51 AD3d 1064, 1068-1069 [2008]; *Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]). Finally, we reject the biological father's contention that he was denied effective assistance of counsel, inasmuch as he failed to demonstrate that he was "deprived of meaningful representation and that counsel's deficiencies caused [him] to suffer actual prejudice" (*Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]). Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.

■ In the Matter of DAVID J. CICCOTTI, Appellant, v STEPHANIE A. THOMPSON, Respondent. (Appeal No. 1.) [929 NYS2d 918]—

Now, upon reading and filing the stipulation of discontinuance signed by the attorneys for the parties on April 27 and May 7, 2011 and by the Attorney for the Child on May 9, 2011,

It is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.

■ In the Matter of DAVID J. CICCOTTI, Appellant, v STEPHANIE A. THOMPSON, Respondent. (Appeal No. 2.) [930 NYS2d

919]—

Now, upon reading and filing the stipulation of discontinuance signed by the attorneys for the parties on April 27 and May 7, 2011 and by the Attorney for the Child on May 9, 2011,

It is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.

◼ In the MATTER OF ADAM G. and Others, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT G., III, Appellant. [929 NYS2d 918]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated at Family Court. Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.

◼ In the Matter of STANLEY S. GRYBOSKY, Respondent, v DAWN M. RIORDAN, Appellant. [930 NYS2d 349]—

Memorandum: Petitioner father commenced this proceeding seeking, inter alia, to modify the prior consent order awarding sole custody to respondent mother by awarding him sole custody of the parties' child, with visitation with the mother. Family Court granted the petition, and we affirm. Contrary to the mother's contention, we conclude that the father met his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether custody should be modified (*see Matter of Maher v Maher*, 1 AD3d 987, 988 [2003]). A single incident of misconduct or neglect, if sufficiently serious, may establish a change in circumstances warranting a review of an existing